# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>W. M. KOKOR,<br><br>　　　　Defendant. | Case No. 1:17-cv-01561-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Edward B. Spencer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On May 14, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 10.) Plaintiff's first amended complaint, filed on May 23, 2018, is currently before the Court for screening. (ECF No. 11.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b);

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names Dr. Winfred M. Kokor, a physician at CSATF, as the sole defendant.

Plaintiff alleges that he suffers from muscle cramps and pain. He has Type II diabetes, hypertension, vision impairment and muscle weakness behind both legs. Dr. Kokor has been his primary care physician from about September 3, 2011 to August 2017, and is aware that Plaintiff has hypertension, diabetes and suffers from muscle cramps and pain.

Plaintiff informed Dr. Kokor and Nurse Powell that he was having pain and muscle cramps behind both legs during chronic care visits in September 2011 through April 2017. Dr. Kokor reportedly took no action to ensure that Plaintiff received necessary medical care. Plaintiff reportedly had been complaining to Dr. Kokor about pain in his legs and his inability walk from September 3, 2011 through April 10, 2017.

On September 1, 2015, Plaintiff was seen by medical staff about his inability to walk.

Plaintiff alleges that Dr. Kokor was aware that he had been having pain and cramping in both his legs since January 2012, but Dr. Kokor ignored his complaints and caused his condition to worsen. Dr. Kokor's alleged failure to treat Plaintiff's complaints of pain and muscle cramping caused him unstable walking (less than 100 feet).

In 2017, Plaintiff initiated an ADA Accommodation Appeal requesting a wheelchair. On June 16, 2017, Plaintiff received the wheelchair. Plaintiff alleges that Dr. Kokor violated Plaintiff's Eighth Amendment rights by causing cruel and unusual punishment with lack of medical care and delaying his medical care.

Dr. Kokor diagnosed Plaintiff with myopathy, and indicated that Plaintiff's muscled pain was possibly due to statin side effect. On June 1, 2017, Dr. Kokor discontinued Plaintiff's Gabapentin because it was not relieving pain.

Plaintiff informed his psychologist that he was depressed for being in a wheelchair.

### III. Discussion

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a

prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Here, Plaintiff's allegations are not sufficient to state a cognizable claim for deliberate indifference to serious medical needs against Dr. Kokor. Plaintiff's first amended complaint omits a majority of the factual allegations included in his original complaint. However, Plaintiff cannot simply omit prior factual allegations in an attempt to state a claim. See, e.g., Baker v. German, No. 1:16-cv-01873-AWI-SAB PC, 2017 WL 1549953, at *2 (E.D. Cal. May 1, 2017); Norwood v. Diaz, No. 1:13-cv-01143-BAM PC, 2015 WL 418231, at *6 (E.D. Cal. Jan. 30, 2015) ("Plaintiff may not merely omit factual allegations in order to state a claim for relief.").

Furthermore, according to the exhibits attached to Plaintiff's first amended complaint,

Dr. Kokor provided treatment to Plaintiff on April 10, 2017. At that time, Dr. Kokor determined that Plaintiff's myopathy was possibly due to statin side effects and therefore discontinued Plaintiff's statins. Dr. Kokor also ordered a trial of gabapentin for pain because nsaids were not helpful. Dr. Kokor also ordered labs and a follow-up appointment. (ECF No. 11 at p. 46.)

Plaintiff was temporarily approved for and received a wheelchair on June 16, 2017. (ECF No. 11 at pp. 28, 30.) Dr. Kokor ordered a wheelchair for Plaintiff on June 19, 2017. (Id. at p. 26.) Plaintiff also saw Dr. Kokor on June 19, 2017. At that time, Plaintiff's creatine levels were discussed and he would continue to be monitored. There was no reported muscle damage. (Id. at p. 21.) In June and August 2017, repeated labs to address Plaintiff's creatine levels were collected and reviewed with his doctor on October 19, 2017. Plaintiff was not in any acute distress and he presented with a steady gait and 5/5 strength in all extremities. However, due to complaints of muscle cramps and mildly increased creatine kinase levels, additional diagnostic testing was ordered, along with a lower extremity ultrasound. (Id. at p. 17.)

There is no indication from the factual allegations that Dr. Kokor failed to respond to Plaintiff's complaints. Plaintiff's conclusory allegations to the contrary are not sufficient. Moreover, any disagreement between Plaintiff and Dr. Kokor regarding the appropriate course of treatment for his condition does not amount to a claim of deliberate indifference in violation of the Eighth Amendment.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable Eighth Amendment claim for relief. Despite being provided with the relevant pleading and legal standards, along with an opportunity to amend, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is therefore not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, for the reasons explained above, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen**

**(14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 30, 2018**         /s/ Barbara A. McAuliffe
                                UNITED STATES MAGISTRATE JUDGE